David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
Kazerouni Law Group, APC
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Humana, Inc.<br><br>Defendant. | Case No. 2:20-cv-01487-MTL<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Winters Jr. ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Humana, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Arizona, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a corporation of the State of Delaware, that maintains its principal place of business in Louisville, Kentucky. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Jurisdiction is also proper because there exists a federal question based on the fact that Plaintiff's claims arise from the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), a federal statute.

4.    Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of Arizona.

---

## **PARTIES**

5.     Plaintiff is a natural person residing in Mesa, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     Defendant is a company engaged in the marketing and sale of health insurance services, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

8.     Beginning on or about November 1, 2018, Defendant contacted Plaintiff on Plaintiff's personal cellular telephone number ending in -6678, in an attempt to solicit Plaintiff to purchase Defendants' services. Plaintiff's personal cellular telephone is utilized for Plaintiff's personal use only.

9.     Plaintiff is informed and believes the first call on November 1, 2018 was placed directly by an agent of Defendant.  Defendant had actual knowledge and/or should have had knowledge of the conduct of its agent and therefore ratified the act.  Additionally, a reasonable consumer similarly situated to Plaintiff would have believed that the robocall was placed by an agent of Defendant with its express authority, given that the robocall was transferred to a representative who identified the company by name and was clearly made for the benefit of Defendant.

10.     Plaintiff alleges that Defendant is both directly liable for placing the call and in the alternative, that Defendant is vicariously liable for the call to Plaintiff through an agency-principle relationship, as well as through apparent

authority and ratification.  See *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013); *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019).

11.    Plaintiff alleges that Defendant was likewise acting as an agent of the initial caller, based on the content of the call placed to Winters and is similarly vicariously liable for the conduct of Defendant under a direct agency theory, apparent authority and ratification.

12.    From about November 1, 2018 through November 5, 2018, Defendant called Plaintiff six (6) times on Plaintiff's cellular telephone on the following dates and times: November 1, 2018 at 10:28am; November 2, 2018 at 11:14am; November 3, 2018 at 9:21am; November 4, 2018 at 9:58am; November 5, 2018 at 9:03am; and November 5, 2018 at 11:04am.

13.    On all of the calls to Plaintiff, Defendant and/or its agent used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place said calls.

14.    Defendant and/or its agent contacted or attempted to contact Plaintiff from telephone number (502) 301-1989 on each of the six calls, confirmed to be Defendants' number.

15.    On the first phone call to Plaintiff, Defendant used a prerecorded voice, and Plaintiff followed the prompts, which connected Plaintiff to a live representative.  Defendant's live representative identified themselves as "Humana" and attempted to sell Plaintiff dental insurance.

16.    In subsequent calls made to Plaintiff, there was either a pre-recorded voice on the line when Plaintiff answered or there was a click and/or beep before a live person came onto the phone Plaintiff has no prior relationship with Defendant before the calls to Plaintiff made by Defendant and/or Defendant's agent.

---

FIRST AMENDED CLASS ACTION COMPLAINT

17.    Based on its use of pre-recorded voice messages and Plaintiff hearing clicks and beeps before a live representative came on the phone, and Plaintiff having to follow a prompt to speak with a live representative, Plaintiff is informed and believes Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

18.    Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19.    Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

20.    During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

21.    Further, Plaintiff's cellular telephone number ending in -6678 had been on the National Do-Not-Call Registry for more than 30 days prior to Defendants' initial call.

22.    Defendants placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -6678 in or around November of 2018.

23.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

24.    Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

25.    Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

26.    Upon information and belief, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to

effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

27.   Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

28.   The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through to the date of class certification

29.   The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint through to the date of class certification

30.   Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of

any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

31.    Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

32.    Defendants, including their employees and agents, are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.    The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

34.    Plaintiff and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls,

1  and invading the privacy of said Plaintiff and ATDS Class members.

2  35.   Common questions of fact and law exist as to all members of The

3  ATDS Class which predominate over any questions affecting only individual

4  members of The ATDS Class.  These common legal and factual questions, which

5  do not vary between ATDS Class members, and which may be determined

6  without reference to the individual circumstances of any ATDS Class members,

7  include, but are not limited to, the following:

8              a.    Whether, within the four years prior to the filing of this

9                    Complaint, Defendants made any telemarketing/solicitation

10                   call (other than a call made for emergency purposes or made

11                   with the prior express consent of the called party) to a ATDS

12                   Class member using any automatic telephone dialing system

13                   or any artificial or prerecorded voice to any telephone number

14                   assigned to a cellular telephone service;

15             b.    Whether Plaintiff and the ATDS Class members were

16                   damaged thereby, and the extent of damages for such

17                   violation; and

18             c.    Whether Defendants should be enjoined from engaging in

19                   such conduct in the future.

20  36.   As a person that received numerous telemarketing/solicitation calls

21  from Defendants using an automatic telephone dialing system or an artificial or

22  prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting

23  claims that are typical of The ATDS Class.

24  37.   Plaintiff and members of The DNC Class were harmed by the acts of

25  Defendants in at least the following ways: Defendants illegally contacted Plaintiff

26  and DNC Class members via their telephones for solicitation purposes, thereby

27  invading the privacy of said Plaintiff and the DNC Class members whose

28  telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the

DNC Class members were damaged thereby.

38.     Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

b.     Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.     Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.     Whether Defendants should be enjoined from engaging in such conduct in the future.

39.     As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

40.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

41.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

42.    The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

44.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

45.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in

---

particular *47 U.S.C. § 227 (b)(1)(A)*.

46. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

47. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

<u>**SECOND CAUSE OF ACTION**</u>

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

50. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

51. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

52.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

53.  The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

54.  As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

55.  Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

56.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

57.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

58.  As a result of Defendants' knowing and/or willful violations of *47*

---

FIRST AMENDED CLASS ACTION COMPLAINT

*U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

59.   Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C.  §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

///
///
///

---

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(c)(5).*

- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5).*

- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

60.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 26th Day of October, 2020.

**KAZEROUNI LAW GROUP**

By:   /s/ Ryan L. McBride
　　　Ryan L. McBride, Esq.
　　　Attorney for Plaintiff

---

FIRST AMENDED CLASS ACTION COMPLAINT